## SUPREME COURT.

ALEXANDER S. GOULD agt. JOHN W. RUMSEY and others.

The *amendment of pleadings on the trial*, is in the discretion of the court, the exercise of which will not be reviewed on appeal.

Where the *jury* find that the defence of *usury* set up in the answer has not been proved, the finding is conclusive on that point.

Where the facts showed that the plaintiff got the defendants' accommodation note discounted by one L. at two per cent. a month by indorsing it, and that when it became due the plaintiff paid it to L., and sued the defendant,

*Held*, that the answer of the defendant alleging that the plaintiff discounted the note at a usurious rate of interest, could not sustain such defence.

*New York General Term, December*, 1860.
SUTHERLAND, ALLEN and BONNEY, *Justices.*
APPEAL on motion for new trial on exceptions.

COE & WALLIS, *for plaintiff.*
S. SANXAY, *for defendants.*

By the court, SUTHERLAND, Justice.   The allegation in the defendant's answer is, that the note was discounted by the plaintiff at an unlawful, usurious rate of interest, to wit, at the rate of two per cent. per month ; and that upon discounting the note the plaintiff took and received interest upon the money loaned and advanced by him at the unlawful and usurious rate of two per cent. per month, for each and every dollar loaned and advanced by him on the note.

The testimony of the defendant Rumsey tended to show that the plaintiff did, or might have, discounted the note; the testimony of the plaintiff, of George H. Bell, and of Luther S. Lawrence, went to show that the note was in fact discounted by Lawrence and not by the plaintiff; that the plaintiff furnished no part of the money to discount the note, and received no part of the discount; that the plain-

tiff indorsed the note for the purpose of having it discounted by Lawrence for the defendants.

There was no question made that the testimony did not show that the note was made by Rumsey, one of the firm of Clark & Co., and indorsed by him in the firm name, for the purpose of raising money for the use of the firm, as alleged in the answer; or that the note was not in fact discounted at the usurious rate of two per cent per month.

The testimony showed beyond question that Bell had told Rumsey that the plaintiff could get the money by indorsing the note; that Rumsey then brought and delivered the note so made and indorsed by him to the plaintiff, and the plaintiff told Rumsey that he could get the money of Lawrence by indorsing the note; and that the plaintiff then indorsed the note and went out, and brought back Lawrence's check for the amount of the note, less $60, or two per cent. a month discount, and delivered the check to Rumsey; and that the plaintiff soon after the note was due paid Lawrence the full amount of the note, and took it.

Upon the conclusion of the evidence, the counsel for the defendant moved the court to conform the pleadings to the facts, which motion was denied.

The counsel for the defendants then requested the court to instruct the jury upon the facts proved to find a verdict for the defendants.

The court refused so to instruct.

The counsel for the defendants then requested the court to charge the jury, that if they believed Rumsey was made to pay and did pay $60 for the discounting the note, the plaintiff could not recover.

The court refused so to charge.

The court charged the jury if they believed the note was discounted by the plaintiff, and $60 was deducted, the verdict must be for the defendants; but if they believed the note was discounted by Lawrence, then the verdict must be for the plaintiff. The jury rendered the verdict for the

plaintiff for the amount of the note and interest, the amount claimed. The counsel for the defendants, excepted several ally to the refusal of the court to amend the pleadings, and to instruct and charge the jury as requested by him, and to the charge of the court.

I see no error in the charge, or in either of the refusals, for which a new trial should be granted.

The amendment of the pleadings was a matter in the discretion of the court, and the exercise of such discretion will not be reviewed on appeal.

The question whether the facts alleged in the answer to show usury had been proved was fairly submitted to the jury, and they found that they had not. The jury found that the defence of usury set up in the answer had not been proved, and their verdict is conclusive on that point.

If the court had permitted the defendants to amend their answer so as to conform it to the facts proved, the plaintiff would have been defeated in his *recovery on the note;* but then we must assume that the court would have also per-- mitted the plaintiff to amend his complaint, so that on the facts proved he could have recovered the amount of the note and interest, as and for so much money paid by him to Lawrence for the defendants and at their request; and then the result of the trial would have been the same. If we should consider the complaint and answer both so amended as to conform to the facts and as to further justice between the parties, the judgment must be affirmed; for I think it clear that the plaintiff was not obliged to interpose the defence of usury as against Lawrence, either for his own benefit, or for the benefit of the defendants ; certainly not without any notice or request on the part of the defendants to him to insist upon such defence. On the facts proved, had the defendants been permitted to amend their answer, the plaintiff could not probably have recovered *on the note,* for the note was probably void even in the plaintiff's hands ; but I think the plaintiff, with a proper amendment of his

complaint, could have recovered the amount paid by him to Lawrence with interest, as and for so much money paid by him for the defendants at their request.

The court having refused to permit the defendants to amend their answer, it is plain that there was no error in either of the refusals to instruct the jury as requested.

Upon the whole I think the judgment should be affirmed with costs.